IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

ROSANNA COMER,                      *

    Plaintiff,                 *

vs.                                 *        CASE NO. 4:05-CV-57 (CDL)

UNITED STATES OF AMERICA,           *

    Defendant.                 *

                                             *

O R D E R

Presently pending before the Court is Defendant's Motion for Summary Judgment (Doc. 16). For the following reasons, Defendant's motion is granted.

BACKGROUND

On April 14, 2004, Rosanna Comer fell while on United States Postal Service ("USPS") property. Plaintiff claims that her fall was the result of USPS's failure to exercise ordinary care in keeping its premises free from potentially dangerous conditions. Specifically, Plaintiff claims that she fell in a hole on the grounds of the United States Post Office on Milgen Road in Columbus, Georgia. On August 9, 2004, Plaintiff filed an administrative claim with the USPS seeking compensation for her injuries. The USPS denied Plaintiff's claim initially and upon reconsideration. Consequently, on June 3, 2005, Plaintiff filed this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671, *et seq.*, claiming that the United States is

liable for (1) USPS's negligent maintenance of its premises and (2) the USPS's negligent failure to warn of dangerous conditions on its premises. Defendant, United States, moves for summary judgment contending that Plaintiff has failed to produce evidence to show that Defendant had actual or constructive knowledge of the hole that allegedly caused Plaintiff's fall.

## DISCUSSION

**I. Summary Judgment Standard**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). This burden can be met by showing that the non-moving party will be unable to "establish the existence of an element essential to [the non-moving party's] case, and on which [the non-moving party] will bear the burden of proof at trial." *Id.* at 322.

Once the moving party has met its burden, the burden shifts to the non-moving party to show that there *is* a genuine issue of material fact. *Id.* at 324. A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists if the evidence would allow

2

a reasonable fact finder to find for the non-moving party. *Id.* In other words, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

## II. Negligent Failure to Maintain Premises

O.C.G.A. § 51-3-1 makes an owner of land liable for damages when the owner "induces or leads others to come upon his premises" and that invitee is injured "by [the owner's] failure to exercise ordinary care in keeping the premises and approaches safe."[1] In order to recover on an action in negligence for a defendant's failure to maintain premises in a safe condition, "the plaintiff must show (1) that the defendant had actual or constructive knowledge of the [hazard] and (2) that the plaintiff was without knowledge of the [hazard] or for some reason attributable to the defendant was prevented from discovering the [hazard]." *Boss v. Food Giant, Inc.*, 193 Ga. App. 434, 435, 388 S.E.2d 37, 38 (1989) (citation and quotation marks omitted); *see also James v. Vineville Christian Towers, Inc.*, 256 Ga. App. 72, 73-74, 566 S.E.2d 712, 714 (2002). In other words, to recover on either of Plaintiff's theories, Plaintiff must show that the dangerous condition was known to Defendant and was

---

[1] For the Motion for Summary Judgment, Defendant concedes that Plaintiff was an invitee.

3

unknown to Plaintiff. *See Green v. Home Depot U.S.A., Inc.*, 277 Ga. App. 779, 781, 627 S.E.2d 836, 837, (2006).

Here, there is no evidence that Defendant had actual knowledge of the alleged hazard—a hole in a grassy area of the post office parking lot.[2] Thus, Plaintiff must show that Defendant had constructive knowledge of the hole. Constructive knowledge may be based on evidence (1) "that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard," or (2) "that the owner failed to exercise reasonable care in inspecting the premises." *Boss*, 193 Ga. App. at 435, 388 S.E.2d at 38 (citations and quotation marks omitted). If a plaintiff bases recovery on the second method of showing constructive knowledge, the plaintiff must present evidence that "the dangerous condition lasted so long that the defendant should have discovered it." *Herrin v. Peeches Neighborhood Grill & Bar, Inc.*, 235 Ga. App. 528, 532, 509 S.E.2d 103, 107 (1998) (quotation marks and citation omitted).

Plaintiff claims Defendant had constructive knowledge of the hole because it could "have been discovered by Defendant upon the act

---

[2] Indeed, it is disputed whether the hole existed at all. Plaintiff's own witnesses disagree as to the location, size, and shape of the alleged hole. (*See* Comer Dep. 50:9-24, 51:2-23, 52:10-15, Ex. 4, Mar. 13, 2006; Leslie Dep. 39:1-4, 43:22-25, 45:15-17, 47: 24-25, 48:2, Oct. 19, 2006; Young Dep. 15:23-16:18, 31:12-23, 32:1-2, 32:6-16, 34:8-18, Oct. 19, 2006.) The Court finds, however, at this stage of the proceedings that genuine issues of material fact exist as to the existence of the hole and whether it caused Plaintiff's fall.

of mowing and maintaining of the lawn or through other regular inspections." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 7-8.) Plaintiff argues that Defendant failed to inspect and maintain the post office grounds. Additionally, in order to show that the hole had been there for a substantial amount of time such that the Defendant could have discovered it, Plaintiff maintains that the grass in the hole was even with the grass around the hole. Plaintiff further explains: "For the grass in the bottom of the hole to grow to such a level clearly means that the hole had been present for a long time and should have been observed in any reasonable inspection long before Plaintiff fell." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 8.)

Regarding Plaintiff's allegation that Defendant failed to exercise reasonable care in performing inspections of the property, the undisputed evidence establishes that Mr. Gary Cummings, the manager of maintenance for postal facilities in Columbus, would "personally walk [the grassy areas] about once a month, if not more often than that." (Cummings Dep. 39:18-19, Mar. 14, 2006.) It is also uncontroverted that Mr. Dennis Higdon, a maintenance employee, was responsible for mowing and maintaining the grass at the Milgen Road Post Office and that part of Mr. Higdon's responsibilities was to inspect the property for potential dangerous conditions. (Cummings Dep. 37:8-21.) Mr. Cummings also performed a weekly safety talk with his employees and had a safety incentive program to encourage employees "to be proactive and try to be predictive and

5

correct [safety] issues." (Cummings Dep. 39:5-40:13.) Additionally, the evidence shows that Mr. Higdon cut the grass at the Milgen Road Post Office the two days prior to and the day of Plaintiff's accident. (Cummings Dep. 30:1-6, 35:18-36:3, Ex. 3.) Mr. Higdon spent 22.5 hours a week cutting grass. (Cummings Dep. 25:12-23, 40:14-41:2.) No evidence has been produced that Mr. Higdon or any other employee ever saw the hole or was in close proximity to it such that he should have noticed that it was a hazard. (Cummings Dep. 40:14-41:2; Gayles Dep. 12:14-17, Mar. 14, 2006; Gayles Dep. 12:18-21.)

The undisputed evidence shows that (1) the USPS performed inspections of the grounds on a regular basis, and (2) the grass on the grounds was regularly maintained. Furthermore, no evidence has been produced that the USPS had any reason to believe that there was a hole on the grounds.[3] Thus, Plaintiff has failed to point to any evidence from which a reasonable fact finder could conclude that Defendant failed to exercise ordinary care in its maintenance or inspection of its premises. *Armenise v. Adventist Health Sys./Sunbelt, Inc.,* 219 Ga. App. 591, 466 S.E.2d 58 (1995).

In an attempt to avoid summary judgment, Plaintiff relies upon the amount of grass growing in and around the hole. Plaintiff argues

---

[3] Mr. Cummings and Mr. Gayles explained that no employee ever reported finding a hole on the grounds. (Cummings Dep. 25:12-23, 40:14-41:2; Gayles Dep. 12:14-17, Mar. 14, 2006.) Additionally, there is no evidence that the USPS was ever informed of a hole on the grounds by any customer prior to Plaintiff.

6

that the amount of grass present shows that the hole had been there for some indefinite but presumably lengthy period of time. This creates, according to Plaintiff, a genuine issue of material fact as to whether the hole was present for a sufficient length of time such that Defendant had constructive notice of it. The problem with Plaintiff's argument is it depends upon sheer speculation. Plaintiff has "presented no evidence showing any actual knowledge of how long the hole had been in existence." *Brumbelow v. City of Rome*, 215 Ga. App. 321, 321, 450 S.E.2d 345, 346 (1994). "An inference cannot be based upon evidence which is too uncertain or speculative or which raises merely a conjecture or possibility." *Id.* Thus, based on Plaintiff's unsupported assertions alone, the Court cannot infer that the hole has been in the grassy area for so long that Defendant should have discovered it. Additionally, Plaintiff's witnesses contend that the hole is anywhere from two to five inches deep. (Comer Dep. 51:8-23, 52:10-15; Leslie Dep. 48:2; Young Dep. 32:1-2.) The same witnesses claim the grass height was from six inches to eight and one-half inches. (Comer Dep. 39:15; Leslie Dep. 45:15-17; Young Dep. 15:23-16:18.) In other words, Plaintiff has presented evidence that shows that the grass height in the hole could range from eight inches to thirteen and one-half inches. Plaintiff, however, has not explained which grass height is sufficient evidence of the hole having "existed on the premises for a sufficient period of time such that [Defendant,] exercising ordinary care to inspect

7

the premises[,] should have discovered and removed the hazard." *Vineville*, 256 Ga. App. at 74, 567 S.E.2d at 714. Simply put, Plaintiff has failed to point to any evidence from which a reasonable fact finder could determine the length of time that the hole allegedly existed on USPS property.

In sum, Plaintiff has failed to produce evidence of actual or constructive knowledge of the alleged hazard. Consequently, summary judgment is granted in favor of Defendant.

## CONCLUSION

Defendant's Motion for Summary Judgment (Doc. 16) is granted as to all of Plaintiff's claims.

IT IS SO ORDERED, this 21st day of September, 2007.

                    S/Clay D. Land
                      CLAY D. LAND
        UNITED STATES DISTRICT JUDGE